ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | ) ) ) | CASE NO. 5:07CV1314 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | MEMORANDUM OF OPINION |
| HORIZON BENEFIT ADMINISTRATION, INC., et. al, | ) ) ) ) | |
| Defendants. | ) | |

This action is before the Court upon plaintiff's response to the Order to Show Cause (Doc. 37) regarding why this Court should exercise jurisdiction over the within declaratory judgment action. The Court has reviewed Plaintiff's Response to Court's Order to Show Cause (Doc. 38), the Duncan Defendant's Reply (Doc. 39), and Plaintiff's Surreply (Doc. 40). After full review of the arguments and applicable law, the Court concludes that it will decline to exercise jurisdiction over the within action.

## I. BACKGROUND

On January 26, 2005, Esther Duncan and Mary Ann Schneider[1] filed a lawsuit in the Summit County, Ohio Court of Common Pleas against Harold H. Hopkins, Linda Hopkins, Steven Hopkins, Vista Financial Group ("Vista"), Vista Financial Services Corp., Horizon Benefit Administration, Inc., ("HBA"), Flagship Administration Ltd ("Flagship"), and Sterling

---

[1] The Duncan Defendants in the case at bar are Esther Duncan, Mary Ann Schneider, Joanne DeMarco, Michael Keister, Janet Lyons, Janice Brundage, Richard and Lee Weisenmiller, and Margaret Zanin.

Trust Company,[2] being Case No. CV-2005-01-0554 ("the Duncan Litigation").  The rest of the Duncan Defendants were later added as plaintiffs to the Duncan Litigation.  The Duncan Defendants allege in the Duncan Litigation that the Hopkins Defendants misrepresented and omitted material facts in conjunction with the sale of certain stock and intentionally offered unregistered securities.

On April 16, 2007, Cincinnati Insurance Company ("Cincinnati") filed a complaint for declaratory judgment in the Summit County, Ohio Court of Common Pleas, being Case No. CV-2007-04-2874 ("the Cincinnati Litigation").  Cincinnati sought a declaratory judgment for rescission of it's policy ("Cincinnati Policy") and finding that Cincinnati owed no duty to defend or indemnify in the Duncan Litigation.  Cincinnati based its declaratory judgment action in part on allegations that the Hopkins Defendants failed to disclose several issues in the application for insurance, including that misrepresentations were made to investors in conjunction with the sale of certain stock and that the Hopkins Defendants sold unregistered securities.

On July 3, 2007, the Duncan Defendants (excluding Lee Weisenmiller and Margaret Zanin) filed an intervenor complaint for declaratory judgment against Cincinnati in the Cincinnati Litigation, which alleged that they were third party beneficiaries of the Cincinnati Policy and which sought recovery directly from Cincinnati under the policy ("Duncan Intervenor Complaint").

The Hopkins Defendants (excluding Margaret Zanin) and Cincinnati agreed to settle the Duncan Intervenor Complaint without any admission of liability by either party.  *See* Order on

---

[2]The Hopkins Defendants in the case at bar are HBA, Flagship, Harold H. Hopkins, Linda Hopkins, Steven Hopkins, Vista Financial Services Corp., and Vista .

Motion for Entry of Order Re: Settlement at 3, *Duncan v. Hopkins*, Case No. CV-2005-01-0554 (C.P. Summit, December 31, 2007). The Summit County Court of Common Pleas entered a final appealable order on December 31, 2007 ("Settlement Order"), which dismissed the Duncan Intervenor Complaint and the Duncan Litigation with prejudice. *Id.* at 4. The order also stated that the settlement between Cincinnati and the Duncan Defendants would not affect Cincinnati's right against the Hopkins Defendants to disclaim coverage under the Cincinnati Policy, and Cincinnati retained the right to void the policy. *Id.* at 3. The claims between Cincinnati and the Hopkins Defendants regarding insurance coverage are still pending before the state court. *Id.* at 2.

On January 30, 2008, Harold, Linda, and Steven Hopkins filed a notice of appeal from the Settlement Order. The Ninth District Court of Appeals of Ohio recently affirmed the judgment. *Duncan v. Hopkins*, No. 24065, 2008 WL 2908058 (Ohio App. July 30, 2008).

On May 7, 2007, plaintiff Fireman's Fund Insurance Company ("FFIC") filed the case at bar against the Hopkins Defendants and the Duncan Defendants seeking a declaration that there is no coverage for the relief sought in the Duncan Litigation. Doc. 1. FFIC issued to HBA and Flagship claims-made, Actuaries, Pension and/or Employee Benefit Administrators and Consultants Errors and Omissions Liability Coverage through policy number CME04023456 ("FFIC Policy"). *Id.* at ¶ 28. FFIC seeks a declaration from this Court that there is no potential coverage under the FFIC Policy due to the application of various policy terms, conditions, and exclusions.

## II.  LEGAL STANDARD

Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, "[a] federal court has the discretion to accept or deny cases seeking declaratory relief."  *N.H. Ins. Co. v. Home S&L Co.*, 2008 U.S. Dist. LEXIS 46598 , at 5-6 (N.D. Ohio June 16, 2008).  The Declaratory Judgment Act states that

> [A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  The court is afforded complete discretion on whether to exercise jurisdiction in a declaratory judgment action.  *N.H. Ins Co.*, LEXIS 46598 at 6.  Congress "created an opportunity, rather that a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

> When making a decision under the Act, a district court must weigh the following factors:
>
> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)).  When weighing the factors, the court has the discretion to determine the weight of each factor.  *See, e.g., Bituminous Cas. Corp. v. J & L Lumber Co., Inc.,* 373 F.3d 807 (6th Cir. 2004) (holding that case should have been dismissed when four factors favor not exercising jurisdiction); *Guaranty Nat. Ins. Co. v. Cain,*

4

Nos. 94-5904, 94-5905, 1996 WL 56190 (6th Cir. Feb. 8, 1996) (holding that the court should not exercise jurisdiction even though only two factors favor dismissal).

### III. ANALYSIS

*A. Settlement of the Controversy*

The first factor to consider is whether the district court judgment would settle the controversy.  When evaluating this factor, a district court should consider "whether the insurance company is a party to the underlying state action, whether the issue presented to the federal court is before the state court, whether the issue relies on a fact-based question that would be answered by the state proceedings, and whether the parties in the underlying state action were made parties to the federal action." *N.H. Ins. Co.*, LEXIS 46598 at 12-13 (citing *Scottsdale Ins. Co.,* 513 F.3d at 555-56).

In the case at bar, FFIC is asking the Court to make a declaration on the extent of FFIC's liability based on provisions and exclusions located in the FFIC Policy.  FFIC is seeking a declaration stating there is no coverage for the relief sought in the Duncan Litigation because the alleged acts, errors or omissions that caused the injury complained of were committed with dishonest, fraudulent, criminal or malicious purpose or intent; or were expected or intended by the insured and Exclusion I of the FFIC Policy applies.  Doc. 1 at ¶ 53.  FFIC is also seeking a declaration that there is no coverage for the relief sought in the Duncan Litigation because the injury and damage complained of arose out of the sale and/or servicing of unregistered securities and Exclusion XVII of the FFIC Policy applies.  *Id.* at ¶ 56.  These issues are currently being litigated in state court.

5

In the Duncan Litigation, the trial court may still have to resolve the Duncan Defendants allegations that the Hopkins Defendants made misrepresentations and omissions of fact in conjunction with the sale of stock and that the Hopkins Defendants sold unregistered securities. FFIC argues that, since the Duncan Litigation was settled and dismissed, the Court will not have to decide an issue or fact-based question that would be answered by a state court proceeding. Since the litigation has not been completely resolved in the state court, it might still rule on the issues and facts that will be presented to this Court.

Furthermore, the state trial court is still considering the declaratory judgment action in the Cincinnati Litigation. In the Settlement Order at page 2, the state trial court clearly articulates that Cincinnati's declaratory judgment action is still pending and is not settled. This litigation also involves the issue of whether the Hopkins Defendants made misrepresentations and omissions in conjunction with the sale of certain stock and whether the Hopkins Defendants sold unregistered securities. Therefore, this factor weighs against exercising jurisdiction because the Court would have to resolve issues and make findings of fact that are currently being litigated in state court.

FFIC argues that some of their counts for declaratory judgment can be settled by this Court without making factual findings implicated in the state court proceedings. However, as discussed below, this Court is not the optimal forum to decide issues of contract interpretation.

*B. Clarification of the Legal Relations at Issue*

Under the second factor, the court is only to focus on whether a federal declaratory judgment will clarify the legal relationships presented to the district court. The declaratory judgment does not have to clarify all legal relations within the state court action. *Scottsdale Ins.*

6

*Co.*, 513 F.3d at 557.  Under this factor, the Court does not need to clarify the legal relations between the Duncan Defendants, the Hopkins Defendants, and Cincinnati.  The Court could completely clarify the legal relations between FFIC, the Duncan Defendants, and the Hopkins Defendants.  Therefore, the second factor weighs in favor of the Court exercising jurisdiction.

*C.  Race for Res Judicata*

Under the third factor, the court is to consider whether the use of the declaratory judgment action is motivated by "procedural fencing" or likely to create a race for res judicata.  The court is to consider whether the plaintiff filed the action for the sole reason of trying to obtain a favorable forum.  *Id.* at 558.  There is no evidence that FFIC filed in federal court with an improper motive.  Also, there is no evidence that another party was going to file an action against FFIC in state court on this issue.  Therefore, this factor does not weigh against exercising jurisdiction.

*D.  Increased Friction Between Federal and State Courts*

Under the fourth factor, the court is to consider whether accepting jurisdiction would increase friction between federal and state courts.  The Sixth Circuit has provided the following sub-factors to consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* at 560 (quoting *Bituminous*, 373 F.3d at 814-15).

The first sub-factor "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action."  *Id.*

7

It would be inappropriate for a federal court to exercise jurisdiction if the issues presented will "require making factual findings that might conflict with similar findings made by the state court." *Id.*  As noted above, if the Court exercised jurisdiction, then the Court might make findings that conflict with the findings of a state court that is resolving the same issues.  In the Duncan Litigation, the Cincinnati Litigation, and the case at bar, a court is asked to make a determination on whether the Hopkins Defendants made misrepresentations and omissions in conjunction with the sale of certain stock and whether the Hopkins Defendants sold unregistered stocks.  The facts are currently in dispute in all three of these claims.  Therefore, this sub-factor weighs against exercising jurisdiction because this Court could make factual findings that conflict with findings made in the Duncan Litigation and the Cincinnati Litigation.

Under the second sub-factor, the court is to consider whether the federal or state court is in a better position to resolve issues in the declaratory action.  State courts are generally "in a better position to evaluate novel questions of state law." *Id.*  Generally, the issue of insurance contract interpretation is a matter of state law.  *See Bituminous,* 373 F.3d at 815 (holding that the second sub-factor weighs against exercising jurisdiction because a Kentucky state court is more familiar with insurance contract interpretation).  Also, the Duncan Litigation and the Cincinnati Litigation have already been consolidated before Judge Brenda Burnham Unruh in state court.  Lastly, the state court is more familiar with the factual record.  Therefore, this sub-factor weighs against exercising jurisdiction because the state court would be in a better position to resolve all of the issues efficiently and consistently.

The third sub-factor concentrates on whether the issue is more appropriate for state court because it "implicates important states policies." *Scottsdale Ins. Co.,* 513 F.3d at 561.  The Sixth

Circuit has articulated that "the states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Id.* (quoting *Bituminous Cas. Corp.,* 373 F.3d at 815). Several of FFIC's counts for declaratory judgment involve interpretation of the FFIC Policy. Therefore, this sub-factor weighs against exercising jurisdiction.

*E.  Availability of Alternative Remedy*

The fifth factor focuses on the availability of an alternative remedy that is better or more effective.  FFIC could have sought a declaratory judgment action in state court.  In fact, Cincinnati is currently seeking a declaratory judgment action against the Hopkins Defendants on the scope of the Cincinnati Policy.  Also, as noted above, issues of insurance contract interpretation are always better resolved in state court.  *Id.*  Furthermore, this declaratory judgment action could have been consolidated with the Duncan Litigation and the Cincinnati Litigation.  *See, e.g., Scottsdale Ins.,* 513 F.3d at 562 (holding that the final factor weighs against exercising jurisdiction because, in part, the Kentucky court might have been able to consolidate the two actions under the same judge).  Therefore, for all of the above reasons, the final factor weighs against exercising jurisdiction.

Consideration of the five factors specified in *Travelers Indem. Co. v. Bowling Green Professional Assoc., PLC*, 495 F.3d 266 (6th Cir. 2007), and *Scottsdale Ins.*, *supra*, leads this Court to the conclusion that dismissal is appropriate in the case at bar.  For all the above reasons, the Court finds the state court is the proper forum to resolve the issues presented in the case at bar.

## IV. **CONCLUSION**

Plaintiff's civil action will be dismissed without prejudice.

IT IS SO ORDERED.

 September 30, 2008                     */s/ John R. Adams*
Date                                    John R. Adams
                                        U.S. District Judge